## JOHN POLKA v. THE STATE.

No. 9284.    Delivered June 10, 1925.

Rehearing Denied October 21, 1925.

**Sale of Intoxicating Liquor—Evidence Conflicting—Province of Jury.**

Where on a trial for the sale of intoxicating liquor, the testimony of the state was conclusive of the sale, and the defendant introduced proof of an alibi, which if believed would have justified an acquittal, the solution of the conflicting evidence is a matter committed by statute to the jury, and will not be disturbed by this court.

Appeal from the District Court of Fort Bend County. Tried below before the Hon. M. S. Munson, Judge.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assista State's Attorney, for the State.

101 T. C.—34.

MORROW, Presiding Judge.—The offense is the sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The purchaser named in the indictment is Will Oberhoff, who testified that he purchased from the appellant a quart of whiskey for which he paid him four dollars.

Appellant testified in his own behalf and introduced witnesses presenting the theory of alibi. The issue was submitted to the jury in a charge against which no exceptions were reserved and in which we have perceived no fault.

According to Oberhoff, the sale took place on the 24th of February, 1925, at the home of the appellant. Oberhoff was requested by the Justice of the Peace and the sheriff to go and buy whiskey from the appellant. The premises of the appellant were searched and a half-gallon of liquor was found in a fruit jar which, according to the testimony, was thrown upon the floor and broken. The proof was not clear that it was whiskey. Appellant's wife said that it was wine.

Appellant testified and denied he made the sale. The testimony on the issue of alibi was such as might have produced a verdict of acquittal. However, we are unable to say that the evidence so preponderates in favor of the appellant, as to warrant this court in overturning the verdict of the jury, which is supported by definite and direct testimony of the witness mentioned. The solution of the issues upon which the evidence is conflicting is a matter committed by statute to the jury, and we do not regard the case as one in which the finding of the jury would not be binding upon this court.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, Judge.—In view of appellant's insistence in his motion for rehearing that the evidence contained in the record is such that the court ought not to permit the conviction to stand we have again carefully examined the testimony and are confirmed in the view expressed in our original opinion that the conflict in the testimony raised an issue of fact which it was the exclusive province of the jury to settle and does not present that character of case in which this court would feel authorized to disturb a verdict.

The motion for rehearing is overruled.

*Overruled.*